**In re Loring Lyle NELSON, Rose Mary Frances Nelson, Debtors.**

**Bankruptcy No. 86–41538.**

United States Bankruptcy Court, D. Kansas.

April 17, 1987.

William L. Winkley, Salina, Kan., for debtors.

Charles R. Hay, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for Production Credit Ass'n and Federal Land Bank.

Lloyd C. Swartz, Topeka, Kan., trustee.

### ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

This matter is before the Court on the debtors' motion to convert to chapter 12 and the objections of the Ninth District Production Credit Association (PCA) and Federal Land Bank (FLB) thereto. The debtors appear by William L. Winkley. The PCA and FLB appear by Charles R. Hay of Goodell, Stratton, Edmonds & Palmer.

Debtors filed for chapter 13 bankruptcy on October 24, 1986. On the same day chapter 12 became effective, November 26, 1986, debtors moved to convert their case to a case under chapter 12.

Creditors PCA and FLB objected. They asserted that existing bankruptcy cases could not be converted; that debtors were attempting to abuse the bankruptcy pro-

cess; that debtors did not earn more than 50% of their gross income from farming operations; and that debtors were unlikely to mount a successful reorganization under chapter 12. At a hearing on the objections, this Court ordered debtors to submit an income statement with documentation, and directed creditors to thereafter respond. All briefs have now been filed and the Court is ready to rule.

At the threshold, an issue is raised whether debtors in bankruptcy cases pending on November 26, 1986 may move to convert to chapter 12. The Family Farmer Bankruptcy Act, which introduced chapter 12, omitted a section that would allow existing cases to be converted. The legislative history, however, indicates that Congress intended to make chapter 12 relief available to beleagured farm debtors in other chapters; it in fact gives broad guidelines for bankruptcy courts to follow in determining whether to allow conversion.

■ This Court is aware that a number of courts refuse to permit conversion of existing cases to chapter 12. This Court, however, agrees with the well-reasoned position of Judge Ecker in *In Re Erickson Partnership*, 68 B.R. 819 (Bankr.D.S.D. 1987) that to hold otherwise leads to the absurd result of creating two classes of family farmers in distress. See also *In Re Fischer*, 72 B.R. 634 (Bankr.D.Kan.1987) (Pearson, J.) (because language ambiguous, legislative history may be resorted to, and legislative history overwhelmingly shows Congress intended to allow conversion of existing cases where appropriate). The Court therefore concludes that conversion to chapter 12 of an existing case may be permitted where appropriate.

Turning to the merits: the only disputed issues in this case are whether debtors' gross farming income is enough to meet the definition of family farmer, and if so, whether there is a likelihood they can successfully reorganize under chapter 12.

Only family farmers with regular annual income may be debtors under chapter 12. 11 U.S.C. § 109(f). A "family farmer" is in turn defined as an

individual ... and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts ... on the date the case is filed, arise out of a farming operation owned or operated by [them], *and [they] receive from such farming operation more than 50 percent of [their] gross income for the taxable year preceding the taxable year in which the case concerning [them] was filed.* (emphasis added)

11 U.S.C. § 101(17).

In this case, debtors concede that their gross farming income as shown on their 1985 tax return is insufficient to meet the 50% test. They contend, however, that a damages settlement not shown on their tax return but received by them in 1985 should be included as gross farm income.

In 1982, a fire started by KP & L apparently damaged debtors' corn crop and haying operation.[1] The debtors sued KP & L for damages and in 1985 received a settlement of $30,092.74. A check for $17,152.86, representing the settlement amount minus debtors' attorney's contingent fee, was placed in escrow with the Clerk of the District Court in October, 1985. Upon advice of their accountant, debtors in their 1985 tax return neither claimed their attorney fees as a deduction, nor included the settlement as income. Debtors did list gross non-farm income of $26,765 and gross farm income of $5,730.[2] If the entire amount of the settlement were included in debtors' 1985 income as gross farm income, debtors' gross farm income would total $35,822.74, which would constitute more than 50% of all debtors' 1985 income of $62,587.74.

The objecting creditors assert that it is absurd to include a 1985 settlement from 1982 crop damage in determining whether

---

1. FLB and PCA suggest that debtors' land and buildings were also damaged, but have presented no evidence in support of their suggestion.

2. Debtors' net farm income was a negative $7,951, making their total income $18,814.

debtors are farmers under 11 U.S.C. § 101(17). They contend that the purpose of the definitional section is to restrict the advantages of chapter 12 to only "true farmers," and that debtors cannot be true farmers if they must augment their gross farm income with a settlement from prior crop damage to meet the 50% income test. The Court agrees that the settlement cannot be included for purposes of whether debtors' gross farm income exceeded 50% of all their 1985 income.

 Neither debtors nor creditors cite cases in support of their conflicting positions. Nonetheless, this Court must follow a rule of technical adherence to the definitional sections of the Code. See *Potsmesil v. Alexandria Production Credit Association*, 42 B.R. 731, 12 BCD 462 (W.D. La.1984) (even where debtors had sold their farm, they were still "farmers" under preceding tax year test so could not be forced into involuntary bankruptcy). Section 101(17) is clear on its face that only *income* from the preceding taxable year is to be considered in determining whether debtors must meet the definition of family farmer. Under that definition, this Court has neither the power nor the inclination to delve beyond the face of debtors' income tax returns. Therefore, whether or not the tax laws would consider the settlement as income in 1985 is irrelevant: debtors' farm income for 1985 is presumptively reflected by their 1985 income tax return declarations. Because debtors did not declare the settlement as income on their 1985 tax returns, the Court holds it cannot be considered as farm income for purposes of the 50% test.[3]

The Seventh Circuit Court of Appeals recently considered the definition of income in § 101(17). In *In Re Matter of Wagner*, 808 F.2d 542, 16 CBC2d 28 (7th Cir.1986), the debtor appealed a finding that he was not a farmer within the meaning of § 101(17) for purposes of whether he could be subjected to involuntary bankruptcy. Debtor's gross income for the preceding year had been $104,000, of which $72,000

indisputably constituted farming income. At issue, however, was whether an $18,000 distribution from debtor's individual retirement account should have been either included as farming income or excluded from gross income as a return of capital. Debtor had previously funded his IRS with contributions from his farm earnings.

The *Wagner* court affirmed the holding that the $18,000 distribution constituted part of debtor's gross, nonfarming income for the preceding taxable year. The court first rejected the idea that the $18,000 should be treated as farm income solely because its ultimate origin was in a farming operation. *Matter of Wagner*, 808 F.2d 542, 16 CBC2d at 31. The court then went on, however, to state that the $18,000 as deferred farm income could not be considered as a return of capital and thus had to be considered as part of debtor's "gross income" under § 101(17). The court reasoned that a simple and clear interpretation of "income" was best, and that such an interpretation was to deem § 101(17) to incorporate the definition of gross income in federal income tax law. Since debtor's gross income on his tax return included the distribution, debtor was not a "farmer" and could be subjected to involuntary bankruptcy.

Accordingly, debtors cannot meet the definition of "family farmer" and are precluded from converting their case under § 109(f).

The Court need not consider the issue of whether debtors can successfully reorganize, as the finding that debtors do not qualify for chapter 12 relief is dispositive. The creditors' objection to debtors' motion to convert is therefore sustained.

IT IS SO ORDERED.

---

**3.** Conversely, had debtors declared the settlement as Income in 1985, properly or not, this

Court would be bound to consider it, even at the risk of reaching an absurd result.