**In re Willis D. BERGMANN and Helen M. Bergmann, Debtors.**

**Bankruptcy No. BK 87–30626.**

United States Bankruptcy Court,
S.D. Illinois.

Oct. 22, 1987.

Jerold Barringer, P.C., Carlinville, Ill., for debtor.

Gerald M. Burke, E. St. Louis, Ill., for Federal Land Bank of St. Louis.

Robert Burnside, Vandalia, Ill., for First State Bank of St. Peter and State Bank of Farina.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on two motions to dismiss, one filed jointly by the First State Bank of St. Peter and the State Bank of Farina and the other filed by the Federal Land Bank of St. Louis. The sole issue raised by both motions is whether debtors qualify as family farmers under Chapter 12 of the Bankruptcy Code when their tax return for the year immediately preceding the year they filed their petition show that less than 50% of their income came from farming operations.

Debtors filed their Chapter 12 petition on June 29, 1987. They currently farm approximately 310 acres. In order to supplement their farm income, debtors have taken off-farm jobs. In 1986, Helen Bergmann earned approximately $8,000 as a secretary while Willis Bergmann earned over $22,000 as a truck driver. Their 1986 Federal Income Tax Return shows a combined off-farm income of $32,153.03 and a combined farm income of $23,783.27. Movants contend that debtors do not qualify as "family farmers" because less than 50% of their 1986 taxable year income came from farming operations.

Only a family farmer with regular annual income may be a debtor under Chapter 12. § 109(f). The Code defines "family farmer" as an

> individual ... and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts ... on the date the case is filed, arise out of a farming operation owned or operated by [them], *and [they] receive from such farming operation more than 50 percent of [their] gross income for the taxable year preceding the taxable year in which the case concerning [them] was filed.*

§ 101(17) (emphasis added).

In the present case it is clear that in the taxable year preceding the taxable year in which the petition was filed (*i.e.*, 1986) more than 50% of debtors' income came from non-farm sources. Debtors point out that some $12,000 worth of their 1986 crop was sold in 1987 and that their 1987 tax return will show that more than 50% of their income was from farm operations. They argue that other factors besides last year's tax return need to be considered by the Court in determining who is a family

**912**

farmer in order to effectuate Congress' intent that Chapter 12 be used to assist family farmers.

In *Matter of Wagner,* 808 F.2d 542 (7th Cir.1986), the Seventh Circuit rejected the so-called "mud on the boots" approach to determining who is a farmer under former § 101(17) (now § 101(19)). The Court found that "farmer" as defined by that section is "a technical term that means someone who in the taxable year immediately preceding the filing of the involuntary petition in bankruptcy derives more than 80 percent of his gross income from farming." *Id.* at 546. The Court concluded that the terms "taxable year" and "gross income" were intended by Congress to be used in their tax sense. *Id.*

The present § 101(17) is clear on its face that only income from the taxable year preceding the filing of the petition is to be considered in determining whether debtors meet the definition of family farmer. *In re Nelson,* 73 B.R. 363, 365 (Bankr.D.Kan. 1987). Under that definition, this Court does not have the power to look beyond the face of debtors' 1986 income tax return. *Id.* That return indicates that less than 50% of debtors' 1986 income was from farm operations. The $12,000 worth of crops which were sold in 1987 and not listed on the 1986 tax return cannot be considered as farm income for purposes of the 50% test.

Accordingly, since debtors cannot meet the definition of "family farmer" under § 109(f), they may not proceed under Chapter 12 of the Bankruptcy Code.

IT IS ORDERED that the motions to dismiss are GRANTED.