Richard Alan Cooper, Law Office of Terry Sharp, Mt. Vernon, Ill., for plaintiff.

Douglas Antonik, Mt. Vernon, Ill., for debtors.

In re Kenneth D. **COX** and Carolyn Sue Cox, Debtor(s).

**FARM CREDIT BANK OF ST. LOUIS, Plaintiff(s),**

v.

Kenneth D. **COX** and Carolyn Sue Cox, Defendant(s).

**Bankruptcy No. BK 88–40670.**

United States Bankruptcy Court, S.D. Illinois.

Dec. 9, 1988.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on a Motion to Dismiss filed by the Farm Credit Bank of St. Louis ("FCB"). The issue to be decided is whether at least 50% of debtors' 1987 gross income came from their farming operation so as to qualify them as "family farmers" for purposes of Chapter 12 of the Bankruptcy Code.

■ Only family farmers with regular income are eligible for Chapter 12 relief. 11 U.S.C. § 109(f). "Family farmer" is de-

fined in relevant part as an individual and spouse engaged in a farming operation who "receive from such farming operation more than 50% of [their] gross income for the taxable year preceding" the year in which they filed their bankruptcy petition. 11 U.S.C. § 101(17)(A).

Since the petition in the present case was filed in 1988, the debtors' gross income for 1987, the year preceding the year in which the petition was filed, must be examined to determine whether debtors are family farmers. Debtors' 1987 individual income tax return reveals that their gross income from their farming operation was $70,968.00[1] and their non-farm income was $15,191.00.[2] Debtors are also the sole shareholders of Cox Country Store, Inc., a subchapter S corporation. The store's 1987 tax return shows that it had gross receipts of $266,656.00 and a gross profit of $48,412.91.

FCB argues that the gross income of Cox Country Store should be included as part of debtors' gross income for purposes of whether they meet the 50% gross farm income test for family farmers. It further argues that when "gross income" is defined in its tax sense, the store's $266,656.00 in gross receipts should be counted as part of debtors' gross non-farm income. As a result, debtors would not qualify as family farmers because less than 50% of their income was derived from farm operations.

■ In response, debtors claim that if the Cox Country Store income is included as part of their non-farm income for purposes of the 50% test, only the store's gross profit should be included. They argue that the gross income of a merchandising business, as defined by the tax laws, is gross receipts minus the cost of goods sold

or, in other words, gross profit. When the store's $218,243.09 cost of goods sold is subtracted from the store's gross receipts of $266,656.00, the resulting gross income (profit) of the store is $48,412.91. Adding the store's gross profit to debtors' other non-farm income of $15,191.00 results in a total 1987 non-farm gross income of $63,603.91. Debtors point out that this figure is still less than their undisputed 1987 gross farm income figure.

The term "gross income" is not defined in the Bankruptcy Code. The Seventh Circuit addressed this shortcoming in *Matter of Wagner*, 808 F.2d 542 (7th Cir.1986), a case involving former 11 U.S.C. § 101(17)[3] which defines "farmer" as one who "received more than 80 percent of [his] gross income during" the immediately preceding "taxable year ... from a farming operation owned or operated" by him. The Court found that "[t]he language and background of section 101(17) show that Congress wanted a mechanical, which is to say an easily applicable, test for 'farmer' rather than a test that would reflect the economic realities of agriculture." *Id.* at 547. The Court further found that giving "gross income" its federal tax law meaning would be the easily applicable test contemplated by Congress. As the Court concluded:

> The way to make section 101(17) work is to make it work simply. That is most easily done by deeming the statute to incorporate the definition of gross income in federal income tax law. Then everyone will know where he stands. Given the arbitrary nature of the statutory definition of farmer, no higher value than certainty can be served by the interpretation of the words gross income; and the interpretation that best serves that value is the one that equates gross in-

---

1. This figure is from Schedule F of debtors' 1987 individual tax return.

2. This figure was arrived at by adding together the following figures from debtors' 1987 tax return: $572.00 in wages; $105.00 in interest; $10,708.00 in oil royalties; $1,974.00 in income from debtors' subchapter S corporation "Cox Country Store, Inc."; and $1,832.00 in corporate director's fees. It does not take into account any losses claimed by debtors.

In their bankruptcy schedules, debtors stated that their gross non-farm income for 1987 totaled $12,539.47. Although the Court believes that this figure is erroneous, it does not change the ultimate decision as to whether debtors qualify as family farmers. To avoid confusion, the Court will use the $15,191.00 figure.

3. Now at 11 U.S.C. § 101(19).

come in the Bankruptcy Code to gross income in the tax code.

*Id.* at 549. See also, *In re Bergmann,* 78 B.R. 911, 912 (Bankr.S.D.Ill.1987); *In re Shepherd,* 75 B.R. 501, 504 (Bankr.N.D. Ohio 1987); *In re Nelson,* 73 B.R. 363, 365 (Bankr.D.Kan.1987).

Gross income is defined by the tax code as "all income from whatever source, except for those items specifically excluded by the Code." 26 U.S.C. § 61. Listed within this definition are several types of income including "gross income from business." This phrase is not defined but Treasury Regulation § 1.61–3(a) (26 CFR § 1.61–3(a)) states in relevant part that "[i]n a manufacturing, merchandising, or mining business, 'gross income' means the total sales, less the cost of goods sold...." Recently several bankruptcy courts followed this definition in finding that "gross income from business" means gross profit (*i.e.,* gross receipts minus the cost of goods sold) and not merely gross receipts. *In re Gossett,* 86 B.R. 941, 942 (Bankr.S.D.Ohio 1988); *Matter of Faber,* 78 B.R. 934, 935 (Bankr. S.D.Iowa 1987); *In re Pratt,* 78 B.R. 277, 280 (Bankr.D.Mont.1987) (citing *U.S. Master Tax Guide,* CCH 1986, § 766).

In *Gossett,* the bankruptcy court faced a nearly identical fact situation to the one in the present case. In addition to farming, the debtors in *Gossett* operated a grocery and feed store. As in the present case, the issue was whether debtors qualified as family farmers. The *Gossett* court found that gross income is determined differently for merchandising businesses, such as debtors' store, than for farming operations.

In a merchandising business, gross income means the gross profit generated by the business. However, for farmers using the cash method of accounting, gross income means all cash, or the value of merchandise or other property received from the sale of livestock and produce which he has raised, profits from the sale of livestock or other items which have been bought by him, and gross income received from all sources. *U.S. Master Tax Guide,* CCH 1986 § 771, quoted in *Gossett, supra,* 86 B.R. at 943 and *Pratt, supra,* 78 B.R. at 280.[4] This definition of gross income does not contemplate a deduction of farm expenses from gross farm receipts except in the case of livestock and other items purchased and resold by a farmer. *Gossett, supra.* By comparing the Gossetts' gross farm income with the gross profit of their store the court found that more than 50% of the Gossetts' gross income was from their farming operation, thereby qualifying them as family farmers. *Id.*

This Court believes that the rationale followed by the *Gossett* court is applicable in the present case. The Seventh Circuit has made it clear that the tax law definition of "gross income" must be followed and tax law defines "gross income from business" differently than gross farm income.

Using the tax law definition of "gross income from business," debtors' 1987 gross income from Cox Country Store is its gross profit of $48,412.91. Adding the store's gross income to the $15,191.00 in non-farm income listed on debtors' 1987 individual tax return results in a total gross non-farm income of $63,603.91.[5] An examination of

---

4. The quoted section from U.S. Master Tax Guide appears to be derived from Treasury Regulation § 1.61–4(a) (26 CFR § 1.61–4(a)), which states in pertinent part as follows:

(a) *Farmers using the cash method of accounting.* A farmer using the cash receipts and disbursements method of accounting shall include in his gross income for the taxable year—

(1) The amount of cash and the value of merchandise or other property received during the taxable year from the sale of livestock and produce which he raised,

(2) The profits from the sale of any livestock or other items which were purchased,

(3) All amounts received from breeding fees, fees from rent of teams, machinery, or land, and other incidental farm income,

(4) All subsidy and conservation payments received which must be considered as income, and

(5) Gross income from all other sources.

5. Debtors had argued that the gross income from their subchapter S corporation should not be included as part of their gross non-farm income for purposes of whether they qualify as family farmers. In light of the decision today in favor of the debtors, the Court need not decide this question. However, it should be noted that at least one court has held that gross

Schedule F of debtors' 1987 individual tax return does not reveal any income from the resale of livestock or other items. Accordingly, debtors have a 1987 gross farm income of $70,968.00 which clearly constitutes more than 50% of their total gross income for 1987. Therefore, debtors qualify as family farmers under 11 U.S.C. §§ 109(f) and 101(17)(A) and are eligible for relief under Chapter 12 of the Bankruptcy Code.

IT IS ORDERED that the Motion to Dismiss filed by the Farm Credit Bank of St. Louis is DENIED.

income from a subchapter S corporation should be taken into account in determining whether a debtor qualifies as a family farmer. See, *Matter of Schafroth,* 81 B.R. 509 (Bankr.S.D.Iowa 1987).