**In re Huey P. GREY, Debtor.**

**Bankruptcy No. 92–40221–12.**

United States Bankruptcy Court,
D. Kansas.

Sept. 23, 1992.

Dan E. Turner & Phillip L. Turner, Topeka, Kan., for debtor.

Melanie D. Caro, Asst. U.S. Atty., for the U.S., on behalf of its agency, the Farmers Home Admin.

John E. Foulston, U.S. trustee, Wichita, Kan.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

The debtor, Huey P. Grey, appears by his attorneys, Dan E. Turner and Phillip L. Turner, Topeka, Kansas. The United States of America, on behalf of the Farmers Home Administration, appears by its attorney, Melanie D. Caro, Assistant United States Attorney.

This proceeding is core under 28 U.S.C. 157. The Court has jurisdiction under 28 U.S.C. 1334 and the general reference order of the District Court effective July 10, 1984.

This is a contested matter brought by motion of the United States of America, on behalf of its agency, Farmers Home Administration ("FmHA"), to dismiss this Chapter 12 bankruptcy proceeding. Movant charges that the debtor is not eligible to adjust his debts under 11 U.S.C. 1201, *et seq.* because he (1) is not a "family farmer"; [1] (2) is not a "family farmer with regular income"; [2] (3) is not engaged in a "farming operation"; [3] and (4) filed the case in bad faith.

After filing his Chapter 12 petition on February 4, 1992, the debtor lodged an adversary complaint against the Commodity Credit Corporation ("CCC"). The com-

---

1. 11 U.S.C. § 101(18)(A).

2. 11 U.S.C. § 101(19) and 11 U.S.C. § 109(f).

3. 11 U.S.C. § 101(21).

plaint alleges that he entered into Conservation Reserved Program ("CRP") contracts with the CCC in 1988 and 1989, and that the CCC breached the contracts and wrongfully withheld his contract payments. The complaint asks the Court to reinstate the contracts and to find that the debtor is entitled to all back payments.

At the hearing on the FmHA's motion to dismiss held on August 4, 1992, debtor's counsel stated that if the Court were to rule against the debtor in the adversary proceeding, the debtor would concede that the case should be dismissed. But, if he is successful in the adversary proceeding and the Court orders the Commodity Credit Corporation to reinstate the CRP contracts and make all back payments, the debtor contends that he will then have income attributable to 1991 and that he can amend his 1991 tax return to show farm income for that year.

Section 101(18)(A) of Title 11, United States Code, provides:

(18) "[F]amily farmer" means—

(A) individual or individual and spouse *engaged in a farming operation* whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), *on the date the case is filed,* arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's *gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed....* (Emphasis added.)

The debtor's schedules filed February 28, 1992, show that he received no farm income in 1990, 1991, or 1992.

On August 20, 1992, the debtor filed copies his 1990 and 1991 federal income tax returns with the Court. The 1990 return, line 19, "Farm income (or loss)", shows a farming loss of $1,093.00. The 1991 return, line 19, lists no income or loss from farming, although Schedule F, "Profit or Loss From Farming," lists $500.00 in rental income and $944.00 in insurance expenses for the year.

Section § 61 of the Federal Internal Revenue Code, defines "gross income" as follows:

Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: ....

Bankruptcy Code § 101(18)(A) defining "family farmer" speaks in terms of "gross income for the taxable year preceding" the year of filing the Chapter 12 case. Since the Bankruptcy Code and the Internal Revenue Code are federal statutes, it is reasonable to assume that in using the phrase "gross income for the taxable year" in the Bankruptcy Code, Congress had in mind a concept similar to that used in the Internal Revenue Code. Since the income must come from a "farming operation", it is likely that such income would be taxable income, rather than federally exempt income such as municipal bond interest. Indeed, some courts have construed Code § 101(18)(A) as suggesting that they look only to the debtor's gross income as shown by his federal income tax return when determining his right to file under Chapter 12.

The eligibility of a debtor in Chapter 12 was examined in *In re Fogle*, 87 B.R. 493 (Bankr.N.D.Ohio 1988). In that case, the debtor sold all of his farm machinery and equipment before he filed his bankruptcy petition on December 31, 1987. A creditor argued that if the debtor had filed his petition one day later, he would have failed to qualify for Chapter 12 relief. But, in ruling for the debtor, the court considered only the 1986 income tax return and stated that it was without power to look beyond the face of the return in determining eligibility.

In *In re Nelson*, 73 B.R. 363 (Bankr. D.Kan.1987), the debtors moved to convert

their Chapter 13 case to a Chapter 12 and the creditors objected. The debtors claimed that a settlement they received in the year preceding the filing of the bankruptcy should be considered by the court as farm income, despite the fact that the debtors failed to declare the settlement as income on their federal tax return. The court held that the statute was "clear on its face that only *income* from the preceding taxable year is to be considered in determining whether the debtors must meet the definition of family farmer.... [T]his Court has neither the power nor the inclination to delve beyond the face of debtors' income tax returns." *Id.* at 365.

By the doctrine of the foregoing cases, the debtor is ineligible to proceed in a Chapter 12 because when he filed his petition in 1992, his 1991 income tax return reflected that he had received no farm income in that tax year.

Finally, the debtor urges upon the Court a bootstrap argument—that the outcome of his adversary dispute with the CCC should determine his eligibility to file the case in the first place. It is obvious that the debtor's right to file the Chapter 12 case and to bring the adversary action within the case itself depends first upon a finding that he is eligible for relief under the Chapter. If he is not eligible for relief, he cannot become so by filing the case and initiating an adversary proceeding—the very actions that he is not eligible to undertake.

Accordingly, the Court finds that the debtor is not eligible to proceed in a Chapter 12 bankruptcy. He has not shown that he received more than 50 percent of his gross income from a farming operation in taxable year 1991, the taxable year preceding the filing of his Chapter 12 petition. The Court need not discuss the other grounds for dismissal raised by the FmHA.

The debtor shall have ten (10) days from the entry of the order effectuating this opinion to convert this case to a Chapter 7 proceeding or to dismiss the case.

The foregoing discussion shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.