**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 2, 2009
Decided August 17, 2009

Before

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 08-2433, 08-2439

| | |
|---|---|
| IN RE: | Appeals from the United States |
|    BRETT J. KITSON, | District Court for the Central District |
| | of Illinois. |
|      *Debtor*. | |
| | No. 07 C 3313 |
| DALE ALLEMAN and | |
| ILLECTRONICS, INC., | **Jeanne E. Scott**, *Judge*. |
|      *Appellants*, | |
|                 *v.* | |
| BRETT J. KITSON, | |
|      *Appellee*. | |

**O R D E R**

On November 11, 2004, Brett J. Kitson and his wife, Courtney, filed a joint Chapter 7 bankruptcy petition in the Bankruptcy Court for the Central District of Illinois. Dale Alleman commenced an adversary proceeding on behalf of himself and his company, Illectronics, Inc., which previously had employed Mr. Kitson.[1] Mr. Alleman opposed the discharge of Mr. Kitson's debts; he argued that Mr. Kitson was ineligible for discharge under 11 U.S.C. § 727 because his bankruptcy petition and supporting documents contained various false statements and omissions and because Mr. Kitson allegedly had destroyed relevant documents. Mr. Alleman also claimed that Mr. Kitson owed him two debts that were nondischargeable under 11 U.S.C. § 523(a).

On July 7, 2007, the bankruptcy court conducted a trial in which Mr. Kitson and Mr. Alleman both participated. Mr. Alleman presented evidence in support of his claim that Mr. Kitson owed two debts to him and his company: a $15,000 loan and $27,000 in reimbursement for merchandise that Mr. Kitson allegedly stole from Illectronics while he was employed there. After the trial, the bankruptcy court granted Mr. Kitson's petition for Chapter 7 discharge of all of his non-secured debts. The court began by noting that it found neither Mr. Kitson nor Mr. Alleman to be a particularly credible witness. The court then concluded that Mr. Alleman had not carried his burden of proving that Mr. Kitson had stolen anything from Illectronics; accordingly, it rejected Mr. Alleman's claim for $27,000 in restitution. The court found that Mr. Kitson did owe the balance on a $15,000 loan that he had received from Mr. Alleman, but found this debt eligible for discharge along with Mr. Kitson's other outstanding debts.

The bankruptcy court also rejected Mr. Alleman's argument that Mr. Kitson was ineligible for bankruptcy discharge under section 727(a) of the Bankruptcy Code, which prohibits discharge when the debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve" records relevant to the petition, 11 U.S.C. § 727(a)(3), or "knowingly and fraudulently . . . made a false oath or account" in connection with the petition, 11 U.S.C. § 727(a)(4). The court concluded that Mr. Alleman had not proved that Mr. Kitson concealed or destroyed any documents material to his bankruptcy petition, or made any material false statement in connection with it. Accordingly, the bankruptcy court concluded that Mr. Kitson was eligible for discharge of all of his non-secured debts. The court further found that Mr. Kitson had no nonexempt assets with which to pay any of the debts; accordingly, it granted Mr. Kitson's petition for bankruptcy discharge. Mr. Alleman appealed the decision to the district court, which affirmed. He now appeals to this court.

---

[1] We shall refer to the appellants collectively as "Mr. Alleman."

"We review a district court's decision to affirm the bankruptcy court *de novo*, which allows us to 'assess the bankruptcy court's judgment anew, employing the same standard of review the district court itself used.'" *In re Boone County Utils., LLC*, 506 F.3d 541, 542 (7th Cir. 2007) (citation omitted). This court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000).

In this appeal, Mr. Alleman challenges the bankruptcy court's determination that he had not proved facts sufficient to support his theory that discharge was barred under section 727(a). He also takes issue with the bankruptcy court's finding that he had not proved that Mr. Kitson stole a JVC television from Illectronics.[2]

Turning first to Mr. Alleman's arguments under section 727(a), we do not believe that the bankruptcy court erred in concluding that Mr. Alleman failed to prove that Mr. Kitson was ineligible for discharge. Section 727(a)(3) forbids discharge where the debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve" records "from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). Mr. Alleman argues that Mr. Kitson ran afoul of this prohibition by failing to retain business records for Kitson Enterprises, a corporation of which Mr. Kitson was the sole shareholder. The bankruptcy court found that these records were not material to Mr. Kitson's financial condition. First of all, we note that although Mr. Kitson disposed of his personal copies of the corporation's business records, his accountant retained a copy of those records. Mr. Kitson testified--unrebutted--that he had instructed his accountant to make those records available to Mr. Alleman. Mr. Alleman never asked for them, however, even though Mr. Alleman and Mr. Kitson both used the services of the same accountant. Furthermore, even if Mr. Kitson had destroyed the records, their destruction was irrelevant. The bankruptcy court found that Kitson Enterprises had no assets at the time of the bankruptcy petition--a finding that Mr. Alleman does not dispute. Thus, the corporation's financial status had no bearing on Mr. Kitson's bankruptcy estate. Mr. Alleman argues that the records were relevant because the corporation's tax returns indicate that the corporation earned roughly $50,000 in gross income in the two years prior to Mr. Kitson's bankruptcy filing. The same returns also make clear, however, that this gross income was offset by business expenses incurred by the corporation. Thus, there was no net income that could have been disbursed to Mr. Kitson as a shareholder, and indeed his personal tax returns reflect no such disbursements from the corporation. Thus, the bankruptcy court was correct to conclude that the records were immaterial.

---

[2] Mr. Alleman does not challenge the bankruptcy court's findings as to the rest of the $27,000 worth of property that he alleged Mr. Kitson had stolen.

Mr. Alleman also submits that the bankruptcy court should not have granted Mr. Kitson a discharge because he made a number of misstatements and omissions on the bankruptcy statement and schedules. Section 727(a)(4) forbids discharge where the debtor "knowingly and fraudulently . . . made a false oath or account." 11 U.S.C. § 727(a)(4). The bankruptcy court found that Mr. Kitson's bankruptcy filing did contain several misstatements and omissions, but concluded that they did not run afoul of Section 727(a) because none of them were material to the bankruptcy petition. We agree.

Mr. Alleman claims that Mr. Kitson improperly failed to list income from his corporation, Kitson Enterprises. As we have already discussed, however, that corporation's revenues were immaterial to Mr. Kitson's personal bankruptcy petition. Mr. Alleman submits that under *In re Cox*, 93 B.R. 625 (Bankr. S.D. Ill. 1988), corporate income earned by a corporation owned by a bankruptcy petitioner must be disclosed. As the district court recognized, however, *Cox* involved a Subchapter S corporation, the income from which is treated as income of the shareholders. Kitson Enterprises is not an S corporation; it is, apparently, a Subchapter C corporation. Income earned by C corporations does not become income of the shareholders until the corporation makes a distribution, and the record here indicates that Kitson Enterprises never made such a distribution; thus, Mr. Kitson had no income from the business. *Cox*, therefore, is inapposite, and the bankruptcy court was correct to determine that the corporation's income was not income to Mr. Kitson.

Mr. Alleman also claims that Mr. Kitson ran afoul of section 727(a)(4) because his filings identified the corporation as "BK Motorsports" rather than its official name, Kitson Enterprises. Mr. Kitson also failed to list the Employer Identification Number for that business. The bankruptcy court found that this misstatement and omission were immaterial. We agree. Although there might be cases in which misstatement of a corporate name and omission of an EIN would hinder creditors or the court in their attempts to ascertain the extent of the debtor's assets, this was not such a case. Mr. Alleman and the court were aware of the corporation's true name. And, in any event, the court found that his ownership of the corporation was not an asset to Mr. Kitson's bankruptcy estate.

Mr. Alleman further points out that Mr. Kitson failed to disclose a $6,300 loan from his parents, as well as several lawsuits in which he was a defendant. The bankruptcy court concluded that omission of the parental loan was not material because Mr. Kitson's estate had no remaining assets with which to pay unsecured creditors; thus, the omission had no effect on whether any of the unsecured creditors, including Mr. Alleman, would receive any distribution from the estate. Likewise, the omitted lawsuits were, if anything, potential unsecured liabilities. Their omission was immaterial for the same reason. Thus, we see no

error in the bankruptcy court's rejection of Mr. Alleman's arguments.

Finally, Mr. Alleman submits that discharge was improper because Mr. Kitson represented in his bankruptcy statement that he had no records related to Kitson Enterprises. This representation was false; Mr. Kitson admitted at trial that he had possessed such records at the time of the bankruptcy filing and subsequently had disposed of them. This omission also was immaterial, however, because the bankruptcy court found that the corporation's records were unrelated to Mr. Kitson's personal bankruptcy. Moreover, Mr. Alleman did not explain how he, any other creditor, or the court was hindered in any material way by the misrepresentation. Thus, the court did not err in finding that this misrepresentation did not trigger section 727(a)(4).

We turn at last to Mr. Alleman's contention that the bankruptcy court erred in finding that he had failed to prove that Mr. Kitson had stolen a JVC television set from Illectronics while he was an employee there. Mr. Alleman testified at the bankruptcy trial that, while Mr. Kitson was working at Illectronics, Mr. Alleman began to suspect that he was stealing products from the company's inventory and selling them via the Internet. One day, Mr. Alleman saw an Internet auction listing for a JVC television, the serial number of which was a match to one of the televisions in Illectronics' inventory. Mr. Alleman then decided to set up a "sting" operation in an attempt to catch the thief. First, he "marked" the television by drawing a red "X" on the side of the box holding it. He then had a friend place the winning bid in the auction. The Internet seller collected payment and shipped the television; when it arrived, the carton bore the same red "X" and the serial number matched the television from Illectronics' inventory. The e-mail address associated with the seller's account was "execfitness@aol.com"; Mr. Alleman testified at trial that this was an address used by Mr. Kitson.

Mr. Kitson denied having stolen the television. He testified that he had sold Illectronics products via the Internet, but had always done so at Mr. Alleman's behest. According to Mr. Kitson, and another Illectronics employee who testified at the trial, Mr. Alleman sometimes directed the company's employees to make such sales through their personal accounts in order to evade restrictions in Illectronics' sales agreements with equipment vendors, which forbade the sale of merchandise outside of the company's geographic area.

After hearing all of the evidence at trial, the bankruptcy court found that Mr. Alleman had not proved that Mr. Kitson stole the television. This conclusion was not clearly erroneous. As we already have mentioned, the bankruptcy court found Mr. Alleman not to be a credible witness. Deference to a bankruptcy court's factual findings is "particularly appropriate" when they are based on credibility determinations. *In re Krehl*,

86 F.3d 737, 743 (7th Cir. 1996). Furthermore, it is significant that Mr. Alleman did not fire Mr. Kitson or discipline him in any way after the "sting." In fact, Mr. Alleman took no action related to the alleged theft until several months later and only after Mr. Kitson had filed for bankruptcy and had given Mr. Alleman notice that he wished to end his employment with Illectronics. It was only on Mr. Kitson's last day of work that Mr. Alleman took action: He had Mr. Kitson arrested for theft.[3] This inaction is difficult to reconcile with Mr. Alleman's claim that the sting proved Mr. Kitson's culpability. Under the circumstances, there is ample support for the bankruptcy court's finding that Mr. Alleman failed to prove that Mr. Kitson was responsible for theft of the television.

**AFFIRMED**

---

[3] State prosecutors ultimately decided not to prosecute Mr. Kitson for the alleged theft.